UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| NORMA TAPIA,<br><br>                Plaintiff,<br><br>     v.<br><br>THE STATE OF WASHINGTON, DEPARTMENT OF SOCIAL AND HEALTH SERVICES; SUSAN N. DREYFUS, both individually and in her capacity as Secretary of the Department of Social and Health Services; MAGDALENA ZAMORA, both individually and in her capacity as an employee of the Department of Social and Health Services, CHRISTINA SOTO, both individually and in her capacity as an employee of the Department of Social and Health Services; and CARLOS CARRILLO, both individually and in his capacity as an employee of the Department of Social and Health Services,<br><br>                Defendants. | NO. CV-09-5100-EFS<br><br>**ORDER GRANTING THE DEFENDANTS' MOTION TO DISMISS** |

     Before the Court, without oral argument, is Defendants State of Washington, Washington's Department of Social and Health Services (DSHS), Susan Dreyfus, Magdalena Zamora, Christina Soto, and Carlos Carrilo's Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b) (Ct. Rec. 7). The State, DSHS, and the individual "official capacity" Defendants argue that

ORDER ~ 1

1) they are absolutely immune from liability in federal court under the Eleventh Amendment and/or 2) they are not "persons" as required by 42 U.S.C. § 1983 and therefore Plaintiff fails to state a § 1983 claim against them.  Plaintiff acknowledges that a state and its officials, who are sued in their official capacity, are generally entitled to Eleventh Amendment immunity; however, Plaintiff maintains that an immunity exception applies and highlights that she may sue the individual Defendants for acts done in their individual capacity.  After reviewing the submitted materials and relevant authority, the Court is fully informed and grants Defendants' motion.

**A.   The Complaint's Allegations**

Defendant Zamora, a social worker with DSHS, was assigned to assist Plaintiff and her children, and as a result, Defendant Zamora learned about Plaintiff's mental health, legal, social, medical, and economic situations, including her financial difficulty with making her mortgage payments. Defendant Zamora earned Plaintiff's trust.  In January 2006, Defendant Zamora presented Plaintiff with a quitclaim deed, which gave Plaintiff's property to Brandon and Holly Christopher; Defendant Zamora did not explain the document to Plaintiff, but simply told Plaintiff that signing the document would help her.  Plaintiff signed the document without understanding the effect of her actions.  Defendant Zamora's coworker, Defendant Christina Soto, witnessed and notarized Plaintiff's signature. Nine months later, Defendant Zamora presented Plaintiff with two documents:  1) a warranty deed transferring ownership of the residence to Defendant Zamora and 2) a notice of rescission of real estate contract transferring ownership of the property to the

ORDER ~ 2

Christophers. Defendant Zamora did not explain these documents to Plaintiff, and Plaintiff signed the documents without understanding the effect of her actions.

About this time, Plaintiff's personal property was removed from the residence, along with her vehicle, by Defendant Zamora and/or individuals hired by Defendant Zamora; these items have not been returned to Plaintiff. Defendant Zamora advised Plaintiff that she was Plaintiff's landlord and that Plaintiff was to pay her rent. Without her personal property, Plaintiff could not rent the residence. Then, in December 2006, Defendant Zamora sold the residence to Lela Sheppard at a profit. Plaintiff alleges that Defendants Zamora and Soto's supervisor, Defendant Carrillo, failed in his oversight responsibilities. Plaintiff seeks relief under 42 U.S.C. § 1983 and state law.

**B.   Authority and Analysis**

The Court must resolve 1) whether the State of Washington, DSHS, and the individual Defendants sued in their official capacity are entitled to sovereign immunity and 2) whether Plaintiff may pursue her 42 U.S.C. § 1983 claim against the individual Defendants.

1.   Sovereign Immunity

States, state departments, and state officials sued in their official capacities are protected by the Eleventh Amendment from suits brought by citizens in federal court.[1]  *See Hans v. Louisiana*, 134 U.S.

---

[1]  The Eleventh Amendment provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

ORDER ~ 3

1 (1890). As the parties seeking Eleventh Amendment immunity, Defendants bear the burden of proving entitlement to such immunity. *See Hill v. Blind Indus. & Servs.*, 179 F.3d 754, 756 (9th Cir.1999), *amended by* 201 F.3d 1186 (9th Cir. 2000). Plaintiff maintains Defendants are not entitled to Eleventh Amendment immunity, relying upon the following exceptions to the general immunity rule: 1) acceptance of federal funds pursuant to a federal statute, which abrogates Eleventh Amendment immunity, *see Douglas v. Cal. Dep't of Youth Auth.*, 271 F.3d 812, 817-18 (9th Cir. 2001), and 2) an impermissible taking of an individual's property, *see Suever v. Connell*, 439 F.3d 1142, 1146-48 (9th Cir. 2006). The Court concludes these exceptions do not apply.

First, Plaintiff fails to identify the federal statute that waives a state's sovereign immunity for § 1983 claims by accepting federal funds. Plaintiff asks the Court for time to conduct discovery into the federal funds that the State and DSHS receive. However, Plaintiff does not need discovery in order to identify the federal statute upon which Congress manifested a clear intent to condition participation in the federally-funded program on a state's consent to waive its constitutional immunity. *See Douglas*, 271 F.3d at 819. Therefore, without a federal statute that waives immunity, the federal-funding exception does not apply.

Second, the Court determines the improper-seizure exception does not apply to the alleged facts. The case cited by Plaintiff, *Suever v. Connell*, 439 F.3d 114, 1143 (9th Cir. 2006), is inapposite. In *Suever*, a state agency improperly seized and retained unclaimed property under

---

U.S. Const. amend. XI.

ORDER ~ 4

a state statute. The Ninth Circuit ruled "the Eleventh Amendment does not bar a request for return of a plaintiff's property if the complaint alleges that state officials acted either *ultra vires* or unconstitutionally" because "[c]laims requesting the return of the individuals' property are less likely to offend a state's sovereign immunity than claims requesting the payment of government funds." *Id.* at 1146-47. Plaintiff alleges that state officials acted unconstitutionally; however, Plaintiff also alleges that the residence is held by non-party Ms. Sheppard and that her personal property was taken by Defendant Zamora or non-parties hired by Defendant Zamora to their own personal benefit. Therefore, the State is not in a position to return either the residence or the personal property. The improper-seizure exception does not apply.

Accordingly, the State, DSHS, and the individual Defendants sued in their official capacity are entitled to sovereign immunity. The State and DSHS are dismissed; and any claims brought against the individual Defendants in their official capacity are dismissed.

    2.   <u>Individual Defendants</u>

At this time, Plaintiff's state law claims against the individual Defendants, as well as the § 1983 claims brought against the individual Defendants in their personal capacity, remain. Plaintiff is correct that § 1983 "personal capacity" claims may be based on acts committed while acting in an official capacity. *See Hafer v. Melo*, 502 U.S. 21, 24 (1991) ("[S]tate officers may be held personally liable for damages under § 1983 based upon actions taken in their official capacities.").

ORDER ~ 5

Accordingly, **IT IS HEREBY ORDERED:** Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. Proc. 12(b) **(Ct. Rec. 7)** is **GRANTED**. The State of Washington and Department of Social and Health Services are **DISMISSED**. The claims asserted against the individual Defendants in their official capacities are **DISMISSED**. Plaintiff may pursue claims against the Individual Defendants in their individual capacities, including for official acts.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy to counsel.

**DATED** this ___23rd___ day of March 2010.

                                             s/Edward F. Shea
                                             EDWARD F. SHEA
                                        United States District Judge

Q:\Civil\2009\5100.dismi.frm